UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME COLLINS,

    Plaintiff,                                      Civil Action No. 20-CV-12140

vs.                                            HON. BERNARD A. FRIEDMAN

RALPH GODBEE, et al.,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the Court on defendants' motion to dismiss under Fed. R. Civ. P.12(b)(6) [docket entry 8]. Plaintiff has responded and defendants have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion.

This case is a continuation of *Collins v. Godbee*, 15-CV-11756 (E.D. Mich.), which the Court dismissed in September 2019 for failure to state a claim. In both cases, plaintiff makes the same allegations and asserts the same claims against the same parties. The Court summarized his allegations and claims in its September 13, 2019, Opinion and Order Granting the Motions to Dismiss of Defendants Hall and Dolunt in 15-11756:

> Plaintiff, a former Detroit police officer, alleges that he was wrongfully suspended (in 2010), prosecuted (in 2011), and discharged (in 2013) after being falsely accused of receiving pay for hours he had not worked. He also alleges that certain of the defendants withheld information that would have enabled him to disprove this accusation. Plaintiff asserts claims against defendants, nine current and former members of the Detroit Police Department, for violation of his due process and equal protection rights, treating him differently than similarly situated female police officers, negligence, tortious interference with his rights under a collective bargaining agreement, fraud, emotional distress,

and malicious prosecution.

In 15-11756, the Court dismissed the second amended complaint ("SAC") in a series of orders for failure to state a claim because, while plaintiff alleged generally that "defendants" violated his rights, he failed to allege specifically how any of the defendants did so individually. *See* docket entry 69, dated August 15, 2019 (defendant Craig); docket entry 72, dated August 27, 2019 (defendants Godbee, Lewis, Walton, Svenkensen, Williams, Moore, and Lever); and docket entry 73, dated September 13, 2019 (defendants Hall and Dolunt). On September 13, 2019, the SAC having been dismissed as to the last of the defendants, the Court entered judgment for defendants and against plaintiff. Plaintiff did not appeal. On November 22, 2019, after the appeal period had expired, plaintiff filed a motion for leave to file a third amended complaint. The Court denied that motion because plaintiff had not met the procedural prerequisite of moving to set aside the judgment. On December 17, 2019, plaintiff filed a motion to alter or amend the judgment. On January 9, 2020, the Court denied that motion because plaintiff had not shown any error in the Court's orders of dismissal. On July 20, the Court denied plaintiff's June 30 motion to set aside the judgment because the errors committed by his previous attorney were insufficient grounds for vacating the judgment. And on August 6 the Court denied plaintiff's July 30 motion for reconsideration of that ruling.

On August 10, 2020, plaintiff commenced the instant action. The allegations and claims are essentially the same as in 15-CV-11756, and the same individual defendants are named as before. Defendants seek dismissal of the complaint on various grounds, but the first is dispositive. Defendants argue that the instant action is barred by the doctrine of res judicata, as the claims plaintiff now asserts were or could have been raised in the earlier action. In

response, plaintiff argues that res judicata does not apply because his claims were not resolved on the merits previously but dismissed due to insufficient pleading.

> As the Supreme Court has stated, res judicata, or claim preclusion,
>
> > prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also* Wright & Miller § 4407. Suits involve the same claim (or "cause of action") when they "'aris[e] from the same transaction,'" *United States v. Tohono O'odham Nation*, 563 U.S. 307, 316, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482, n.22, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)), or involve a "common nucleus of operative facts," Restatement (Second) of Judgments § 24, Comment b, p. 199 (1982) (Restatement (Second)).

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594-95 (2020). "For res judicata to apply, the following elements must be present: '(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

Plaintiff argues that res judicata does not bar the instant action because the prior action "was procedurally dismissed" and "not decided upon its merits." Pl.'s Resp. Br. at 8, 10. This is incorrect. Under Fed. R. Civ. P. 41(b), "any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as

3

an adjudication on the merits." The Court dismissed the prior action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and Rule 12(b)(6) is not among the rules listed in Rule 41(b) that are exempt from its statement that a dismissal "operates as an adjudication on the merits." Further, the Sixth Circuit has specifically held that "a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect." *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989). *See also* C. Wright & A. Miller, *Federal Practice & Procedure* § 2373 ("dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted ordinarily are deemed to be a merit adjudication"). Plaintiff has cited no authority to the contrary.

Plaintiff also argues that "a party cannot base a 12(b)(6) motion on res judicata." Pl.'s Resp. Br. at 11. But the only case plaintiff cites for this proposition, *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596, 598 (5th Cir. 1977), involved a special circumstance that is not present here, namely, "an intervening change in law in both the Supreme Court and this circuit [that may require] . . . a different result than that reached in the [prior] judgment of dismissal." In the present case, plaintiff does not allege that any change in the law has occurred since judgment was rendered in his earlier lawsuit such that preclusive effect to that judgment may no longer be given.

The Court concludes that the instant action is barred by the doctrine of res judicata. The judgment in the earlier action was on the merits, the two lawsuits are between the same parties, and the claims plaintiff asserts now are or could have been raised in the prior action. Accordingly,

IT IS ORDERED that defendants' motion to dismiss [docket entry 8] is granted.

IT IS FURTHER ORDERED that defendants' motion for sanctions [docket entry 11] is denied.

                                                    s/Bernard A. Friedman  
                                                    BERNARD A. FRIEDMAN  
Dated: October 26, 2020          SENIOR UNITED STATES DISTRICT JUDGE  
       Detroit, Michigan